UNITED STATES BANKRUPTCY COURT

DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| DERRICK J. MARTIN, JR. | ) | Case No. 18-14487 KHT |
| SSN: XXX-XX-1032 | ) | |
| | ) | Chapter 7 |
| Debtor. | ) | |
| | ) | |
| DAVID V. WADSWORTH, Chapter 7 Trustee | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Adv. Pro. No. 18-1417 KHT |
| v. | ) | |
| | ) | |
| ALEXA S. MARTIN, an individual, | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER GRANTING PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT ALEXA S. MARTIN

THIS MATTER comes before the Court upon David V. Wadsworth, Chapter 7 Trustee's ("**Plaintiff**") Motion for Entry of Default Judgment against Defendant Alexa S. Martin ("**Motion**").

The Court finds that it has jurisdiction over the subject matter of this proceeding and that venue is proper in this District. The Court further finds that Defendant Alexa S. Martin ("**Defendant**") was properly served with a copy of the Summons and Complaint, that she failed to timely answer or otherwise respond to the Complaint, and that she is in default, with Clerk's Entry of Default having entered in this matter on February 5, 2019 [Dkt. No. 7].

Based on the undisputed allegations of the Complaint and the affidavits and other materials submitted with the Motion, the Court makes the following FINDINGS for purposes of this Motion:

The Affidavits attached to the Motion, along with the other evidence and the uncontroverted allegations pled in the Complaint, establish that as to Plaintiff's claim for relief pursuant to 11 U.S.C. §363(h): (1) Defendant and Debtor each own a one-half ownership interest in the real property known as 4221 Chippewa Drive, Laramie, Wyoming 82072

{00595352:}

("**Chippewa Property**"); (2) The Chippewa Property is not the primary residence of the Debtor or the Defendant; (3) Partition in kind of the Chippewa Property between the Debtor's estate and Defendant is impracticable; (4) The sale of Plaintiff's undivided interest in the Chippewa Property would realize significantly less for the bankruptcy estate than a sale of the Chippewa Property free of the interests of Defendant; (5) The benefit to the Debtor's bankruptcy estate from the sale of the Chippewa Property free of the interests of Defendant outweighs the detriment, if any, to Defendant; and (6) The Chippewa Property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

ACCORDINGLY, it is hereby ORDERED that:

1. The Motion is GRANTED; and

2. Default Judgment shall be ENTERED in favor of Plaintiff and against Defendant on all Claims for Relief asserted in the Complaint;

3. Plaintiff is HEREBY AUTHORIZED to sell the real property known as 4221 Chippewa Drive, Laramie, Wyoming 82072. Plaintiff shall seek approval of any sale motion related to the Chippewa Property in the Debtor's underlying bankruptcy case, on notice to creditors; and

4. A separate form of Judgment shall be entered.

DATED: March 12, 2019

BY THE COURT:

*Kimberley H. Tyson*
The Honorable Kimberley H. Tyson
United States Bankruptcy Judge